KAUFMAN DOLOWICH LLP
Katherine S. Catlos (SBN 184227)
Tiffany Schneider (SBN 323833)
425 California Street, Suite 2100
San Francisco, California 94104
Telephone:(415) 926-7600
Facsimile: (415) 926-7601
Emai: kcatlos@kaufmandolowich.com
tiffany.schneider@kaufmandolowich.com

Attorneys for Defendant
DOMUSO, INC.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BEACHER,<br>Plaintiff,<br>v.<br>DOMUSO, INC.,<br>Defendant. | Case No.: 2:26-cv-09014-AH-PVC<br>Action Filed: August 13, 2026<br>**DEFENDANT DOMUSO, INC.'S ANSWER TO COMPLAINT** |

Defendant Domuso, Inc. ("Domuso" or "Defendant"), by and through its undersigned counsel, hereby answers the Complaint of Plaintiff Jonathan Beacher ("Plaintiff") as follows. Except as expressly admitted herein, Defendant denies each and every allegation of the Complaint. To the extent the Complaint's headings, titles, preliminary statements, or unnumbered paragraphs are deemed to contain factual allegations, Defendant denies them. Defendant responds to the numbered paragraphs of the Complaint as follows:

**PRELIMINARY STATEMENT**

1. Defendant admits that Plaintiff Jonathan Beacher was employed by Domuso, Inc. as a Quality Assurance Engineer. Except as so admitted, Defendant denies the

allegations of Paragraph 1.

2. Defendant admits that it terminated Plaintiff's employment on February 11, 2025. Defendant denies that Plaintiff engaged in any protected activity, denies that any protected activity was a reason for or factored into his selection for layoff, and denies that it has acknowledged any such conduct as protected activity. Except as expressly admitted, Defendant denies the allegations of Paragraph 2.

3. Defendant admits that regression testing generally refers to the re-testing of previously approved software features to confirm that new code changes have not compromised existing functionality. Except as so admitted, Defendant denies the allegations of Paragraph 3, which consist of argument and incomplete hypotheticals.

4. Defendant admits that it provided Plaintiff a written Notice of Change of Employment Status on or about February 11, 2025, which speaks for itself. Except as so admitted, Defendant denies the allegations of Paragraph 4.

5. Defendant admits that it made submissions to OSHA, including submissions dated September 24, 2025 and April 24, 2026, which speak for themselves. Except as so admitted, Defendant denies the allegations of Paragraph 5, including any characterization of those documents.

6. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation that Plaintiff filed a complaint with the Bureau on or about October 11, 2024, and on that basis denies it. The remaining allegations of Paragraph 6 state legal conclusions and quote a statute, to which no response is required.

7. Paragraph 7 refers to or purports to quote a document that speaks for itself; Defendant respectfully refers to the document for its full and accurate contents and denies any allegation inconsistent therewith.

## JURISDICTION

8. Paragraph 8 states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff purports to bring an action under 12 U.S.C. § 5567, and denies that the action has merit.

9. Defendant admits that this Court has subject matter jurisdiction under 28 U.S.C. § 1331 over a claim purporting to arise under federal law. Defendant denies that Plaintiff states any valid claim.

**VENUE**

10. Defendant admits that venue is proper in this District and that it is a Delaware corporation that conducts business in this District. Except as so admitted, Defendant denies the allegations of Paragraph 10, which otherwise state legal conclusions.

11. Defendant admits that it conducts business in this District and is a Delaware corporation. The W-2 statements and the Colorado Attorney General's complaint referenced in Paragraph 11 are documents that speak for themselves. Except as so admitted, Defendant denies the allegations of Paragraph 11.

12. Defendant admits that decisions concerning Plaintiff's employment were made in California and that Chief Financial Officer Bryan Babineau and Chief Technology Officer Jose Godinez were involved in the decision regarding Plaintiff's change in employment status. Defendant's March 2, 2026 submission speaks for itself. Except as so admitted, Defendant denies the allegations of Paragraph 12.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

13. Defendant admits that Plaintiff filed a whistleblower retaliation complaint with OSHA on or about August 8, 2025, initiating OSHA Case No. 301059066.

14. Defendant admits only that Plaintiff's OSHA complaint was filed on or about August 8, 2025. The remaining allegations of Paragraph 14 state a legal conclusion to which no response is required.

15. Defendant admits that the preliminary OSHA investigation concluded on or about May 18, 2026.

16. Defendant admits that Plaintiff filed objections to the OSHA findings and requested a hearing before the OALJ. Defendant lacks knowledge or information sufficient to form a belief about the precise timing alleged and on that basis denies the

remaining allegations of Paragraph 16.

17. Defendant admits that the Office of Administrative Law Judges docketed Plaintiff's objections and hearing request as OALJ Case No. 2026-CFP-00011.

18. Paragraph 18 refers to or purports to quote a document that speaks for itself; Defendant respectfully refers to the document for its full and accurate contents and denies any allegation inconsistent therewith.

19. Defendant admits that, as of the filing of the Complaint, no presiding administrative law judge had been assigned in OALJ Case No. 2026-CFP-00011, no hearing had been held, and the administrative proceeding remains pending without a final decision. Except as so admitted, Defendant denies the allegations of Paragraph 19.

20. Defendant admits that Darren Feider and Monica Ghosh of Sebris Busto & James are Defendant's counsel of record in the administrative proceeding.

21. Paragraph 21 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

22. Defendant lacks knowledge or information sufficient to form a belief about the date on which Plaintiff received any written determination, and on that basis denies that allegation. The remaining allegations of Paragraph 22 state legal conclusions to which no response is required.

23. Defendant admits that the Secretary of Labor did not issue a final decision within 210 days of the August 8, 2025 administrative complaint. The remaining allegations of Paragraph 23 state legal conclusions and argument to which no response is required; to the extent a response is required, Defendant denies them.

24. Paragraph 24 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

25. Paragraph 25 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

26. Defendant lacks knowledge or information sufficient to form a belief about

the truth of the allegations in Paragraph 26, and on that basis denies them.

## PARTIES

27. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27, and on that basis denies them.

28. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28, and on that basis denies them.

29. Defendant admits that Plaintiff was hired as a Quality Assurance Engineer on or about February 7, 2022.

30. Defendant admits that, on or about February 15, 2023, Plaintiff's annual salary was increased from $110,000 to $120,000.

31. Defendant admits that Plaintiff was employed until his termination on February 11, 2025.

32. Defendant admits that Plaintiff's duties as a Quality Assurance Engineer included testing and validating certain consumer-facing features of Domuso's platform. Whether Plaintiff was a "covered employee" within the meaning of 12 U.S.C. § 5567(b) is a legal conclusion to which no response is required; to the extent a response is required, Defendant denies it. Except as so admitted, Defendant denies the allegations of Paragraph 32.

33. Paragraph 33 refers to the May 18, 2026 OSHA findings, which speak for themselves. Defendant denies that those findings are binding in this de novo action and denies any allegation inconsistent with the document.

34. Defendant admits that it is a Delaware corporation registered to do business in California that conducts business in this District. The W-2 statements and the Colorado Attorney General's complaint are documents that speak for themselves. Except as so admitted, Defendant denies the allegations of Paragraph 34.

35. Paragraph 35 refers to the Colorado Attorney General's complaint and the Final Consent Judgment, which speak for themselves. Defendant admits that the Final Consent Judgment contains no admission of liability by Defendant. Except as so

admitted, Defendant denies the allegations of Paragraph 35.

36. Paragraph 36 refers to or purports to quote a document that speaks for itself; Defendant respectfully refers to the document for its full and accurate contents and denies any allegation inconsistent therewith.

37. Paragraph 37 refers to or purports to quote a document that speaks for itself; Defendant respectfully refers to the document for its full and accurate contents and denies any allegation inconsistent therewith.

38. Defendant admits that it was Plaintiff's employer.

39. Defendant admits that it operates a platform through which residential tenants may pay rent by electronic means. Whether Domuso is a "covered person" within the meaning of the statute is a legal conclusion to which no response is required; to the extent a response is required, Defendant denies it. Except as so admitted, Defendant denies the allegations of Paragraph 39.

40. Paragraph 40 refers to or purports to quote a document that speaks for itself; Defendant respectfully refers to the document for its full and accurate contents and denies any allegation inconsistent therewith.

41. Paragraph 41 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

## STATEMENT OF FACTS

42. Defendant admits that Dennis Carlos was Domuso's Senior Quality Assurance Engineer and Plaintiff's direct supervisor, with supervisory functions including approving paid time off, conducting annual performance reviews, and assigning work within the QA team.

43. Defendant admits that Alex Sohn was employed as a Quality Assurance Engineer, that he was rehired on or about March 2024, that apart from Senior QA Engineer Dennis Carlos he was the other QA Engineer on Plaintiff's team, and that he was retained when Plaintiff's position was eliminated. Except as so admitted, Defendant denies the allegations of Paragraph 43, and specifically denies any

implication that the retention of Mr. Sohn was improper.

44. Defendant admits that Michael Lightfoot was Chief Executive Officer, Bryan Babineau was Chief Financial Officer, and Jose Godinez was Chief Technology Officer.

45. Paragraph 45 refers to or purports to quote a document that speaks for itself; Defendant respectfully refers to the document for its full and accurate contents and denies any allegation inconsistent therewith.

46. Defendant admits that Brandon Haller was Domuso's Director of Engineering, hired in or about August 2024.

47. Defendant admits that it engaged a contract Quality Assurance engineer who worked with Plaintiff's team. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 47 and on that basis denies them.

48. Defendant admits that Chunseo Choi was Director of Payments and that Roman Wroclowski was employed as a Principal Software Engineer. Defendant lacks knowledge or information sufficient to form a belief about the allegation concerning any promotion and on that basis denies it.

49. Defendant admits that Ron Klein was Domuso's Vice President of Product, hired in or about April 2023.

50. Paragraph 50 refers to or purports to quote a document that speaks for itself; Defendant respectfully refers to the document for its full and accurate contents and denies any allegation inconsistent therewith.

51. Paragraph 51 refers to or purports to quote a document that speaks for itself; Defendant respectfully refers to the document for its full and accurate contents and denies any allegation inconsistent therewith.

52. Paragraph 52 refers to or purports to quote a document that speaks for itself; Defendant respectfully refers to the document for its full and accurate contents and denies any allegation inconsistent therewith.

53. Paragraph 53 refers to or purports to quote a document that speaks for itself; Defendant respectfully refers to the document for its full and accurate contents and denies any allegation inconsistent therewith.

54. Paragraph 54 refers to or purports to quote a document that speaks for itself; Defendant respectfully refers to the document for its full and accurate contents and denies any allegation inconsistent therewith.

55. Paragraph 55 refers to or purports to quote a document that speaks for itself; Defendant respectfully refers to the document for its full and accurate contents and denies any allegation inconsistent therewith.

56. Paragraph 56 refers to or purports to quote a document that speaks for itself; Defendant respectfully refers to the document for its full and accurate contents and denies any allegation inconsistent therewith.

57. Defendant denies the allegations of Paragraph 57. Defendant's Terms of Service and its business speak for themselves.

58. Defendant denies the allegations in Paragraph 58.

59. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59, which concern a media report regarding a tenant unrelated to Plaintiff; the report speaks for itself; and on that basis Defendant denies the allegations.

60. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60, and on that basis denies them.

61. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61, and on that basis denies them.

62. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62, and on that basis denies them.

63. Paragraph 63 refers to or purports to quote a document that speaks for itself; Defendant respectfully refers to the document for its full and accurate contents and denies any allegation inconsistent therewith.

64. Paragraph 64 refers to or purports to quote a document that speaks for itself; Defendant respectfully refers to the document for its full and accurate contents and denies any allegation inconsistent therewith.

65. Paragraph 65 refers to or purports to quote a document that speaks for itself; Defendant respectfully refers to the document for its full and accurate contents and denies any allegation inconsistent therewith.

66. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 66, and on that basis denies them.

67. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 67, and on that basis denies them.

68. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68, and on that basis denies them.

69. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69, and on that basis denies them.

70. Defendant denies the allegations in Paragraph 70.

71. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 71, and on that basis denies them.

72. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72, and on that basis denies them.

73. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73, and on that basis denies them.

74. Defendant denies the allegations in Paragraph 74.

75. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 75, and on that basis denies them.

76. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 76, and on that basis denies them.

77. Defendant admits that Dennis Carlos, as Senior QA Engineer, had responsibilities relating to QA approval. Except as so admitted, Defendant denies the

allegations of Paragraph 77, including the characterization of any “test and release policy.”

78. Defendant admits that Plaintiff was assigned to test the DCash ACH (Plaid) feature on or about September 30, 2024. Any written directive speaks for itself. Except as so admitted, Defendant denies the allegations of Paragraph 78.

79. Defendant denies the allegations in Paragraph 79.

80. Defendant admits that Plaintiff performed manual testing of the DCash ACH (Plaid) pipeline, granted QA approval, and that the feature was released on or about October 15, 2024. Except as so admitted, Defendant denies the allegations of Paragraph 80.

81. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 81, and on that basis denies them.

82. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 82, and on that basis denies them.

83. Defendant denies the allegations in Paragraph 83.

84. Defendant denies the allegations in Paragraph 84.

85. Defendant denies the allegations in Paragraph 85.

86. Paragraph 86 refers to or purports to quote a document that speaks for itself; Defendant respectfully refers to the document for its full and accurate contents and denies any allegation inconsistent therewith.

87. Paragraph 87 refers to or purports to quote a document that speaks for itself; Defendant respectfully refers to the document for its full and accurate contents and denies any allegation inconsistent therewith.

88. Paragraph 88 refers to or purports to quote a document that speaks for itself; Defendant respectfully refers to the document for its full and accurate contents and denies any allegation inconsistent therewith.

89. Paragraph 89 states legal conclusions and quotes regulations that speak for themselves, and refers to the Terms of Service, which also speaks for itself. To the

extent a response is required, Defendant denies the allegations of Paragraph 89.

90. Paragraph 90 refers to or purports to quote a document that speaks for itself; Defendant respectfully refers to the document for its full and accurate contents and denies any allegation inconsistent therewith.

91. Paragraph 91 refers to or purports to quote a document that speaks for itself; Defendant respectfully refers to the document for its full and accurate contents and denies any allegation inconsistent therewith.

92. Paragraph 92 refers to or purports to quote a document that speaks for itself; Defendant respectfully refers to the document for its full and accurate contents and denies any allegation inconsistent therewith.

93. Defendant admits that its Terms of Service contained a statement referencing Regulation E and that it terminated Plaintiff's employment on February 11, 2025. The Terms of Service speak for themselves. Except as so admitted, Defendant denies the allegations of Paragraph 93.

94. Paragraph 94 states legal conclusions and refers to the Terms of Service and a statute, each of which speaks for itself. To the extent a response is required, Defendant denies the allegations of Paragraph 94.

95. Defendant denies the allegations of Paragraph 95, and specifically denies that Plaintiff engaged in any protected activity. The referenced incident and media reports, and Defendant's Terms of Service, speak for themselves.

96. Paragraph 96 refers to or purports to quote a document that speaks for itself; Defendant respectfully refers to the document for its full and accurate contents and denies any allegation inconsistent therewith.

97. Defendant denies the allegations in Paragraph 97.

98. Paragraph 98 purports to quote internal messages that speak for themselves. Defendant respectfully refers to those messages for their full and accurate contents, denies Plaintiff's characterizations, including any characterization that the communications constituted protected activity, and denies the remaining allegations of

Paragraph 98.

99. Paragraph 99 purports to quote internal messages that speak for themselves. Defendant respectfully refers  to those messages for their full and accurate contents, denies Plaintiff's characterizations, and denies the remaining allegations of Paragraph 99.

100. Defendant lacks knowledge or information sufficient to form a belief about Plaintiff's subjective knowledge or state of mind, and on that basis denies those allegations. Defendant denies the remaining allegations of Paragraph 100.

101. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 101, and on that basis denies them.

102. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 102, and on that basis denies them.

103. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 103, and on that basis denies them.

104. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 104, and on that basis denies them.

105. Defendant lacks knowledge or information sufficient to form a belief about Plaintiff's subjective beliefs, and on that basis denies those allegations. Defendant denies that any belief alleged in Paragraph 105 was objectively reasonable and denies the remaining allegations of Paragraph 105.

106. Defendant admits that Plaintiff and Brandon Haller spoke on or about October 11, 2024. Defendant denies Plaintiff's characterizations of that conversation. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation that Plaintiff filed a complaint with the Bureau, and on that basis denies it. Except as so admitted, Defendant denies the allegations of Paragraph 106.

107. Paragraph 107 refers to or purports to quote a document that speaks for itself; Defendant respectfully refers  to the document for its full and accurate contents and denies any allegation inconsistent therewith.

108. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the contents of Plaintiff's purported complaint to the Bureau, and on that basis denies them.

109. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 109, and on that basis denies them.

110. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 110, and on that basis denies them.

111. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the contents of Plaintiff's purported complaint to the Bureau, including the allegation that Plaintiff did not identify Regulation E by name, and on that basis denies them. The remaining allegations of Paragraph 111 state legal conclusions to which no response is required.

112. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 112, and on that basis denies them.

113. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 113, and on that basis denies them.

114. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 114, and on that basis denies them.

115. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 115, and on that basis denies them.

116. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 116, and on that basis denies them.

117. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 117, and on that basis denies them.

118. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 118, and on that basis denies them.

119. Defendant denies the allegations in Paragraph 119.

120. Defendant lacks knowledge or information sufficient to form a belief about

the truth of the allegations in Paragraph 120, and on that basis denies them.

121. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 121, and on that basis denies them.

122. Paragraph 122 refers to or purports to quote a document that speaks for itself; Defendant respectfully refers to the document for its full and accurate contents and denies any allegation inconsistent therewith.

123. Defendant denies the allegations in Paragraph 123.

124. Paragraph 124 refers to or purports to quote a document that speaks for itself; Defendant respectfully refers to the document for its full and accurate contents and denies any allegation inconsistent therewith.

125. Paragraph 125 refers to or purports to quote a document that speaks for itself; Defendant respectfully refers to the document for its full and accurate contents and denies any allegation inconsistent therewith.

126. Paragraph 126 refers to or purports to quote a document that speaks for itself; Defendant respectfully refers to the document for its full and accurate contents and denies any allegation inconsistent therewith.

127. Paragraph 127 refers to or purports to quote a document that speaks for itself; Defendant respectfully refers to the document for its full and accurate contents and denies any allegation inconsistent therewith.

128. Defendant admits that it terminated Plaintiff's employment on February 11, 2025, and that Jose Godinez and Bryan Babineau authorized the termination.

129. Defendant admits that Brandon Haller and Bryan Babineau conducted the termination call.

130. Defendant admits that it delivered to Plaintiff a written Notice of Change of Employment Status on February 11, 2025, which speaks for itself.

131. Defendant admits that the written Notice did not itemize the selection criteria, and refers to the Notice and its April 24, 2026 submission for their full contents. Except as so admitted, Defendant denies the allegations of Paragraph 131.

132. Defendant admits that, on February 11, 2025, it laid off four employees: Plaintiff, a Quality Assurance Engineer; Rachel Bankston, a Senior Business Development Representative; Andy Jankowski, a Vice President of National Accounts; and Ardalan Razavi, a Senior Software Engineer.

133. Defendant admits that it made the September 24, 2025 submission to OSHA, which speaks for itself, and that it stated therein that Plaintiff's alleged complaint to the CFPB "was not (and could not have been) a factor" in the decision. Defendant denies that any protected activity was a contributing factor in Plaintiff's selection for layoff. Except as so admitted, Defendant denies the allegations of Paragraph 133.

134. Defendant admits that Plaintiff was part of the Quality Assurance group within the Technology Department, as stated in its September 24, 2025 submission, which speaks for itself.

135. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations made on information and belief in Paragraph 135, and on that basis denies them. Defendant denies that Plaintiff's selection for the reduction in force was related to any protected activity.

136. Defendant admits that Plaintiff's employment was terminated on February 11, 2025. Defendant denies that any protected activity occurred, denies that any temporal proximity supports an inference of retaliation, and denies the remaining allegations of Paragraph 136.

137. Paragraph 137 refers to or purports to quote a document that speaks for itself; Defendant respectfully refers to the document for its full and accurate contents and denies any allegation inconsistent therewith.

138. Paragraph 138 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

139. Defendant admits that it made the September 24, 2025 submission to OSHA, which speaks for itself. Defendant affirmatively admits that, as part of a

company restructuring, it determined that the Quality Assurance group required only two employees to provide adequate coverage; that it retained Plaintiff's direct supervisor and one nonsupervisory Quality Assurance employee whose performance was superior to Plaintiff's and whose tenure was comparable to Plaintiff's; that it also retained a contract employee; and that a total of four employees, including Plaintiff, were laid off. Except as so admitted, Defendant denies the allegations of Paragraph 139.

140. Paragraph 140 refers to or purports to quote a document that speaks for itself; Defendant respectfully refers  to the document for its full and accurate contents and denies any allegation inconsistent therewith.

141. Defendant admits that the May 18, 2026 OSHA findings stated that "four employees from Complainant's team were laid off including Complainant." That document speaks for itself.

142. Defendant admits that Dennis Carlos and Alex Sohn were not selected in the February 11, 2025 reduction in force. Except as so admitted, Defendant denies the allegations and characterizations of Paragraph 142.

143. Defendant admits that it retained Alex Sohn, whose performance was superior to Plaintiff's. Defendant's submissions speak for themselves. Except as so admitted, Defendant denies the allegations and characterizations of Paragraph 143.

144. Paragraph 144 refers to or purports to quote a document that speaks for itself; Defendant respectfully refers  to the document for its full and accurate contents and denies any allegation inconsistent therewith.

145. Paragraph 145 refers to Plaintiff's 2024 Annual Performance Review, which speaks for itself, and which reflected an overall score of 2.5 and identified areas requiring improvement. Defendant denies that the matters noted in that review constituted protected activity, and denies the remaining allegations and characterizations of Paragraph 145.

146. Defendant admits that Plaintiff received a salary increase on or about

February 15, 2023 and that it rehired Alex Sohn in or about March 2024. Defendant's position statement speaks for itself. Except as so admitted, Defendant denies the allegations of Paragraph 146.

147. Defendant denies the allegations in Paragraph 147.

148. Paragraph 148 refers to or purports to quote a document that speaks for itself; Defendant respectfully refers to the document for its full and accurate contents and denies any allegation inconsistent therewith.

149. Paragraph 149 refers to or purports to quote a document that speaks for itself; Defendant respectfully refers to the document for its full and accurate contents and denies any allegation inconsistent therewith.

150. Paragraph 150 refers to internal messages and Defendant's Flexible PTO policy, which speak for themselves. Defendant lacks knowledge or information sufficient to form a belief about the remaining allegations of Paragraph 150 and on that basis denies them.

151. Defendant denies the allegations in Paragraph 151.

152. Defendant admits that it posted a Tier 2 Customer Support Specialist position, the posting for which speaks for itself. Defendant denies that this fact has any bearing on the elimination of Plaintiff's Quality Assurance position, and denies the remaining allegations of Paragraph 152.

153. Paragraph 153 refers to or purports to quote a document that speaks for itself; Defendant respectfully refers to the document for its full and accurate contents and denies any allegation inconsistent therewith.

154. Paragraph 154 refers to or purports to quote a document that speaks for itself; Defendant respectfully refers to the document for its full and accurate contents and denies any allegation inconsistent therewith.

155. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 155, and on that basis denies them.

156. Paragraph 156 refers to or purports to quote a document that speaks for

itself; Defendant respectfully refers to the document for its full and accurate contents and denies any allegation inconsistent therewith.

157. Defendant admits that its financial information is within its possession, custody, and control. Except as so admitted, Defendant denies the allegations of Paragraph 157.

158. Defendant admits that, on the February 11, 2025 termination call, it advised Plaintiff that his position was being eliminated as part of a company restructuring driven by financial constraints, and that it delivered the written Notice referenced in Paragraph 158, which speaks for itself.

159. Defendant admits that it hired Nicole House as a Customer Success Manager. Defendant denies that this fact has any bearing on the elimination of Plaintiff's Quality Assurance position, and denies the remaining allegations of Paragraph 159.

160. Defendant admits that it posted and filled a Tier 2 Customer Support Specialist position. Defendant denies that this fact has any bearing on the elimination of Plaintiff's Quality Assurance position, and denies the remaining allegations of Paragraph 160.

161. Defendant admits that the written Notice of Change of Employment Status did not reference the Colorado Attorney General's investigation. The Notice speaks for itself. Except as so admitted, Defendant denies the allegations of Paragraph 161.

162. Paragraph 162 refers to or purports to quote a document that speaks for itself; Defendant respectfully refers to the document for its full and accurate contents and denies any allegation inconsistent therewith.

163. Paragraph 163 refers to or purports to quote a document that speaks for itself; Defendant respectfully refers to the document for its full and accurate contents and denies any allegation inconsistent therewith.

164. Defendant admits that certain paid-time-off requests were approved. Defendant's Flexible PTO policy speaks for itself. Except as so admitted, Defendant

denies the allegations of Paragraph 164.

165. Defendant admits that Bryan Babineau authorized the termination and, with Brandon Haller, conducted the termination call. Except as so admitted, Defendant denies the allegations of Paragraph 165.

166. Paragraph 166 refers to or purports to quote a document that speaks for itself; Defendant respectfully refers to the document for its full and accurate contents and denies any allegation inconsistent therewith.

167. Paragraph 167 refers to a press release that speaks for itself. Defendant lacks knowledge or information sufficient to form a belief about the remaining allegations of Paragraph 167 and on that basis denies them.

168. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 168, and on that basis denies them.

169. Paragraph 169 refers to or purports to quote a document that speaks for itself; Defendant respectfully refers to the document for its full and accurate contents and denies any allegation inconsistent therewith.

170. Paragraph 170 refers to or purports to quote a document that speaks for itself; Defendant respectfully refers to the document for its full and accurate contents and denies any allegation inconsistent therewith.

171. Defendant admits that, on or about February 11, 2025, it presented Plaintiff with a Confidential Separation and Release Agreement offering a severance payment of $6,923, and that Plaintiff signed it on or about February 25, 2025. That Agreement speaks for itself. Except as so admitted, Defendant denies the allegations of Paragraph 171.

172. Paragraph 172 refers to or purports to quote a document that speaks for itself; Defendant respectfully refers to the document for its full and accurate contents and denies any allegation inconsistent therewith.

173. Paragraph 173 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

174. Paragraph 174 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 174 and expressly reserves all rights and defenses under the Separation and Release Agreement.

175. Paragraph 175 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

176. Defendant admits that Plaintiff's offer letter contained a provision titled "Voluntary Agreement to Arbitrate," which speaks for itself. Except as so admitted, Defendant denies the allegations of Paragraph 176.

177. Paragraph 177 refers to Section 18 of the Separation Agreement, which speaks for itself. Defendant denies Plaintiff's legal conclusion that this action does not arise out of or relate to that Agreement, and expressly reserves all rights to compel arbitration.

178. Paragraph 178 states legal conclusions to which no response is required, and refers to a submission that speaks for itself. To the extent a response is required, Defendant denies the allegations of Paragraph 178 and reserves all rights under its arbitration agreements.

179. Paragraph 179 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

180. Defendant denies the allegations of Paragraph 180, and expressly reserves all rights to enforce its arbitration agreements.

181. Paragraph 181 refers to or purports to quote a document that speaks for itself; Defendant respectfully refers  to the document for its full and accurate contents and denies any allegation inconsistent therewith.

**ANSWER TO CLAIM I — RETALIATION IN VIOLATION OF 12 U.S.C. § 5567**

182. Defendant incorporates by reference its responses to Paragraphs 1 through 181 above as though fully set forth herein.

183. Paragraph 183 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 183.

184. Paragraph 184 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 184.

185. Paragraph 185 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 185.

186. Paragraph 186 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 186 and reserves all rights under its arbitration agreements.

187. Paragraph 187 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

188. Defendant denies the allegations of Paragraph 188. Defendant specifically denies that Plaintiff engaged in any activity protected by 12 U.S.C. § 5567(a)(4), and denies that any objection to a quality-assurance testing sequence constitutes protected activity.

189. Defendant denies the allegations of Paragraph 189. Defendant denies that Plaintiff refused to participate in any activity, and denies that the sequencing of automated regression testing is an activity, policy, practice, or assigned task subject to the jurisdiction of, or enforceable by, the Bureau.

190. Defendant denies the allegations of Paragraph 190. Defendant specifically denies that Plaintiff engaged in any activity protected by 12 U.S.C. § 5567(a)(1).

191. Paragraph 191 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

192. Paragraph 192 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

193. Paragraph 193 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

194. Paragraph 194 states legal conclusions to which no response is required. Defendant lacks knowledge or information sufficient to form a belief about Plaintiff's subjective understanding and on that basis denies those allegations.

195. Defendant admits that Plaintiff does not allege that the financial injury purportedly risked by the DCash ACH (Plaid) release materialized. Defendant denies that Plaintiff held any objectively reasonable belief of a violation of any law within the Bureau's jurisdiction, and denies the remaining allegations of Paragraph 195.

196. Defendant denies the allegations in Paragraph 196.

197. Defendant denies the allegations in Paragraph 197.

198. Defendant denies the allegations in Paragraph 198.

199. Defendant denies the allegations in Paragraph 199.

200. Defendant denies the allegations in Paragraph 200.

201. Defendant admits that Plaintiff does not assert a standalone claim under the Electronic Fund Transfer Act, 15 U.S.C. § 1693l, or the Truth in Lending Act or Regulation Z, and that Plaintiff does not allege that he objected to Defendant's Terms of Service as a separate practice or that his internal objections or report to the Bureau identified those Terms as the practice objected to. Except as so admitted, Defendant denies the allegations of Paragraph 201.

202. Paragraph 202 refers to or purports to quote a document that speaks for itself; Defendant respectfully refers to the document for its full and accurate contents and denies any allegation inconsistent therewith.

203. Defendant denies the allegations in Paragraph 203.

204. Defendant admits that it terminated Plaintiff's employment on February 11, 2025. Defendant denies that the termination was unlawful, retaliatory, or in violation of any law.

205**.** Defendant denies the allegations of Paragraph 205, and specifically denies

that any protected activity was a contributing factor in the decision to terminate Plaintiff's employment.

206. Defendant denies the allegations of Paragraph 206. Defendant affirmatively alleges that it would have made the same decision to eliminate Plaintiff's position in the absence of any alleged protected activity, and that clear and convincing evidence so establishes.

207. Paragraph 207 refers to or purports to quote a document that speaks for itself; Defendant respectfully refers  to the document for its full and accurate contents and denies any allegation inconsistent therewith.

208. Defendant denies the allegations of Paragraph 208, and denies that Plaintiff has suffered any damages by reason of any act or omission of Defendant.

## ANSWER TO PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to the relief requested in the Prayer for Relief (Paragraphs A through F), or to any relief whatsoever, and denies that Plaintiff has been damaged in any amount or at all.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof it would not otherwise bear, and expressly reserving the right to seek judgment on the pleadings under Rule 12(c), Defendant asserts the following separate and additional defenses. By designating the following as "affirmative defenses," Defendant does not concede that it bears the burden of proof or persuasion on any of them.

### FIRST AFFIRMATIVE DEFENSE (Failure to State a Claim)

209. The Complaint, and each purported claim therein, fails to state a claim upon which relief can be granted. Among other things, Plaintiff fails to allege that he engaged in protected activity within the meaning of 12 U.S.C. § 5567(a).

### SECOND AFFIRMATIVE DEFENSE

### (No Protected Activity)

210. Plaintiff did not engage in any activity protected by 12 U.S.C. § 5567(a)..

**THIRD AFFIRMATIVE DEFENSE**

**(Legitimate, Non-Retaliatory Business Reason)**

211. Any action taken with respect to Plaintiff's employment was taken for legitimate, non-retaliatory, and non-discriminatory business reasons, including a reduction in force driven by the Company's financial restructuring and need to reduce costs.

**FOURTH AFFIRMATIVE DEFENSE**

**(Same Decision, Clear and Convincing Evidence, 12 U.S.C. § 5567(c)(3)(C))**

212. Even assuming Plaintiff could establish that any protected activity was a contributing factor in an unfavorable personnel action (which Defendant denies), Plaintiff's claim is barred because Defendant would have taken the same action in the absence of any protected activity, and clear and convincing evidence so establishes.

**FIFTH AFFIRMATIVE DEFENSE**

**(No Causation / Lack of Knowledge)**

213. Plaintiff's alleged protected activity was not a contributing factor in any employment decision affecting him, and the individuals who made the challenged decision lacked knowledge of any alleged protected activity at the time the decision was made.

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust / Prematurity)**

214. Plaintiff's claim is barred or premature to the extent that he failed to exhaust his administrative remedies and to the extent the parallel administrative proceeding (OALJ Case No. 2026-CFP-00011) remains pending without a final decision.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Arbitration)**

215. Plaintiff's claims are subject to binding arbitration under the parties' agreements. Defendant does not waive, and expressly reserves, its right to move to

compel arbitration and to stay this action.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Release and Waiver)**

216. Plaintiff's claims are barred, in whole or in part, by the release and waiver contained in the Confidential Separation and Release Agreement executed by Plaintiff, to the extent permitted by law.

**NINTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

217. Plaintiff's recovery, if any, is barred or reduced by his failure to exercise reasonable diligence to mitigate his alleged damages.

**TENTH AFFIRMATIVE DEFENSE**

**(After-Acquired Evidence)**

218. Plaintiff's recovery, if any, is barred or limited by the doctrine of after-acquired evidence.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Damages Barred, Speculative, or Subject to Offset)**

219. Plaintiff's alleged damages are speculative and barred or limited; Plaintiff is not entitled to certain categories of damages he seeks; and any recovery must be offset by amounts Plaintiff earned or reasonably could have earned, and by amounts received, including severance.

**TWELFTH AFFIRMATIVE DEFENSE**

**(No Entitlement to Equitable Relief)**

220. Plaintiff is not entitled to reinstatement, front pay, or injunctive relief.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Business Judgment / Good Faith)**

221. Defendant's employment decisions were made in good faith, for legitimate business reasons, and in the exercise of sound business judgment, without any retaliatory motive.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Avoidable Consequences)**

222. Plaintiff's claims are barred or limited to the extent that any harm he suffered could have been avoided through reasonable use of available preventive or corrective measures.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Reservation of Rights)**

223. Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as-yet-unstated defenses. Defendant reserves the right to assert additional affirmative defenses as they become known through discovery.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant Domuso, Inc. prays for judgment as follows:

1. That Plaintiff take nothing by his Complaint;

2. That the Complaint be dismissed in its entirety, with prejudice;

3. That judgment be entered in favor of Defendant and against Plaintiff;

4. That Defendant be awarded its costs of suit and attorneys' fees as permitted by law; and

5. That  grant such other and further relief as it deems just and proper.

**DEMAND FOR JURY TRIAL**

Defendant Domuso, Inc. hereby demands, and does not waive, a trial by jury on all issues so triable, as provided by 12 U.S.C. § 5567(c)(4)(D)(i) and Federal Rule of Civil Procedure 38.

//

//

//

//

DATED: September 10, 2026

KAUFMAN DOLOWICH LLP

/s/ *Katherine S. Catlos*

Katherine S. Catlos
Tiffany Schneider
Attorneys for Defendant
DOMUSO, INC.