Jonathan Beacher
P.O. Box 98
Seattle, WA 98111
Telephone: (425) 523-7550
Email: jonbeacher@gmail.com

PRO SE

**KAUFMAN DOLOWICH LLP**
Katherine S. Catlos (SBN 184227)
Tiffany Schneider (SBN 323833)
425 California Street, Suite 2100
San Francisco, California 94104
Telephone:(415) 926-7600
Facsimile: (415) 926-7601
Email: kcatlos@kaufmandolowich.com
tiffany.schneider@kaufmandolowich.com

Attorneys for Defendant
DOMUSO, INC.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

JONATHAN BEACHER,

Plaintiff,

v.

DOMUSO, INC.,

Defendant.

Case No.: 2:26-cv-09014-AH-PVC
Action Filed: August 13, 2026
*[Assigned to Honorable Anne Hwang; Courtroom: 9C]*

**JOINT RULE 26(f) REPORT**

Removal: Not applicable
Responsive Pleading: September 10, 2026
Trial (proposed by Plaintiff): August 10, 2027

Date: November 19, 2026
Time: 9:00 a.m.
Courtroom: 9C

Plaintiff, Jonathan Beacher ("Plaintiff") and Defendant Domuso, Inc. ("Defendant") hereby submit this Joint Rule 26(f) Report.

1. **<u>STATEMENT OF THE CASE</u>**

*<u>Plaintiff's Statement:</u>* Plaintiff, a Quality Assurance Engineer for Defendant until February 11, 2025 (Am. Answer ¶¶ 1, 31), alleges that he objected internally to Defendant's test and release policy for its consumer rent-payment platform, reported it to the Consumer Financial Protection Bureau ("Bureau") on October 3, 2024, reasonably believed it unlawful under 12 U.S.C. §§ 5531 and 5536(a)(1)(B) and inconsistent with Regulation E, and that this activity, protected by § 5567(a)(1) and (a)(4), was a contributing factor in his selection for layoff four months later. On March 2, 2026, Defendant described Plaintiff's conduct to the Labor Commissioner as a "departure from Domuso's testing policy – which everyone else followed." Defendant denies liability and asserts eleven affirmative defenses (Am. Answer ¶¶ 209–219), having dropped the exhaustion, arbitration, and release defenses of its original Answer (Dkt. 16; Am. Answer ¶¶ 174, 177, 180).

**Procedural history.** Plaintiff filed with OSHA on August 8, 2025, and OSHA issued its written determination on May 18, 2026 (Am. Answer ¶¶ 13, 15). Plaintiff objected and requested a hearing (id. ¶ 16), which the Office of Administrative Law Judges ("OALJ") docketed the next day (Order of Dismissal at 1, attached as Exhibit A) but never assigned or heard (Am. Answer ¶ 19). With no final decision after 210 days (id. ¶ 23), Plaintiff filed this action on August 13, 2026 under § 5567(c)(4)(D)(i), and the OALJ dismissed its proceeding on August 21, 2026 (Ex. A at 1–2).

**OSHA's findings.** OSHA found that "four employees from Complainant's team were laid off including Complainant" and that "[o]nly two employees remained, Complainant's direct supervisor and one employee" (Item 1, Defendant's Statement). But Plaintiff's Quality Assurance team had three employees—Plaintiff, his supervisor Dennis Carlos, and Alex Sohn—plus a contract QA engineer, and Plaintiff was the only member of that team laid off (Am. Answer ¶¶ 43, 47, 139, 142). The other three

employees laid off held sales, business-development, and software-engineering positions (id. ¶ 132). This action is de novo (id. ¶ 33).

*Defendant's Statement*:

Defendant denies that Plaintiff engaged in activity protected by 12 U.S.C. § 5567 or that any alleged protected activity contributed to the elimination of his position. Plaintiff's disagreement concerned internal quality-assurance and software-testing methodology, not an act, practice, fee, disclosure, contract term, or other conduct regulated by the Consumer Financial Protection Bureau. Defendant further denies that the decisionmakers responsible for the February 2025 reduction in force knew or suspected, before the selection decision, that Plaintiff had submitted any complaint to the Bureau. Defendant maintains that Plaintiff was selected as part of a legitimate reduction in force affecting four members of his team and that it would have made the same decision absent any alleged protected activity.

After signing a severance agreement that he possibly regretted, Plaintiff filed a claim excluded by that agreement, namely a complaint against Defendant for retaliatory employment practices with the U.S. Department of Labor, Occupational Safety and Health Administration. ("DOL"). The DOL's May 18, 2026 findings likewise concluded that there was no reasonable cause to believe Defendant violated the CFPA and that Defendant had provided clear and convincing evidence supporting its defense.

In a May 18, 2026 letter, the DOL dismissed Plaintiff's complaint stating:

> "This is to advise you that we have completed our investigation of the above-referenced complaint filed on August 8, 2025 under the Consumer Financial Protection Act of 2010 (CFPA), Section 1057 of the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010, 12 U.S.C.A. §5567. In brief, the complaint alleged you were laid off for reporting CFPA related concerns.
>
> Following an investigation by a duly-authorized investigator, the Secretary of Labor, acting through his agent, the Regional Administrator for the Occupational Safety and Health Administration (OSHA), San Francisco Region, finds there is

no reasonable cause to believe that Respondent violated the CFPA and issues the following findings:

Secretary's Findings

The complaint alleges that on or about February 11, 2025, Respondent terminated your employment. On August 8, 2025, Complainant filed a complaint with the Secretary of Labor alleging retaliation in violation of the CFPA. As this complaint was filed within 180 days of the alleged adverse action, it is deemed timely.

Respondent is covered person or service provider within the meaning 12 U.S.C. §5567 and Complainant is an employee within the meaning of 12 U.S.C. §5567. As a result of the investigation, the burden of establishing that Complainant was retaliated against in violation of the CFPA cannot be sustained. Respondent provided clear and convincing evidence supporting its defense. Specifically, four employees from Complainant's team were laid off including Complainant. Only two employees remained, Complainant's direct supervisor and one employee who had better performance and similar tenure as Complainant."

Plaintiff had 30 days to appeal this determination, but instead filed the instant lawsuit, divesting the DOL of jurisdiction.

On September 15, 2026, Defendant met and conferred with Plaintiff regarding an anticipated FRCP 12(c) motion as follows:

The Substance of the Contemplated Motion

Your Complaint pleads a single cause of action for retaliation under the whistleblower provision of the Consumer Financial Protection Act ("CFPA"), 12 U.S.C. § 5567. To state that claim, you must plausibly allege that you engaged in "protected activity," that is, that you objected to, refused to participate in, or reported a practice that you reasonably believed violated a law within the jurisdiction of the Consumer Financial Protection Bureau (the "Bureau").

///

Domuso's motion will be based on the following principal ground: the Complaint, by your own repeated and express allegations, identifies the practice you objected to as a quality-assurance software-testing methodology and not any act, practice, fee, disclosure, or contract term that the Bureau regulates. Taking your allegations as true, they establish that the "activity, policy, practice, or assigned task" you objected to was the sequencing of automated regression testing, which is not conduct a reasonable person could believe violates a consumer-financial law.

Plaintiff rejected voluntarily dismissing or amending his complaint, and thus the motion to dismiss is scheduled for December 2, 2026 at 1:30pm.

## 2. SUBJECT-MATTER JURISDICTION

*Joint Statement:* This Court has federal-question jurisdiction under 28 U.S.C. § 1331. The claim arises under 12 U.S.C. § 5567, and § 5567(c)(4)(D)(i) authorizes an action in the appropriate district court. The parties agree that federal jurisdiction exists (Am. Answer ¶ 9). Venue is proper under 28 U.S.C. § 1391(b)(1)–(2) (Am. Answer ¶ 10).

## 3. LEGAL ISSUES

*Plaintiff's Statement:*

1. Whether Defendant is a "covered person" and Plaintiff a "covered employee" under 12 U.S.C. §§ 5481(6)(A) and 5567(b). Plaintiff's position is that Defendant's admissions (Am. Answer ¶¶ 32, 39) establish the facts underlying both, and Plaintiff will propose a stipulation.
2. Whether Plaintiff engaged in protected activity under 12 U.S.C. § 5567(a)(1) and (a)(4), by providing information to Defendant and to the Bureau and by objecting to Defendant's test and release policy, practice, and his assigned task under it, or, in the alternative, by refusing to participate in that policy, including whether Plaintiff subjectively believed, and whether a reasonable person in Plaintiff's position would have

believed, that the policy violated 12 U.S.C. §§ 5531 and 5536(a)(1)(B) or Regulation E.

3. Whether Defendant knew or suspected, before selecting Plaintiff, that he had engaged in protected activity, including his internal objections and his report to the Bureau. See 29 C.F.R. § 1985.104(e)(2)(ii). Plaintiff's objections were known to Dennis Carlos, Brandon Haller, Roman Wroclowski, Jose Godinez, and Michael Lightfoot (Compl. ¶¶ 97–99, 106, 120, 168). Jose Godinez and Bryan Babineau authorized the termination, and Brandon Haller conducted the termination call with Babineau (Am. Answer ¶¶ 128–129).

4. Whether Plaintiff suffered an unfavorable personnel action. Defendant admits that it terminated Plaintiff's employment on February 11, 2025 (Am. Answer ¶¶ 2, 128).

5. Whether Plaintiff's protected activity was a contributing factor in his selection for termination, under 12 U.S.C. § 5567(c)(3)(C) and (c)(4)(D)(ii).

6. Whether Defendant can demonstrate by clear and convincing evidence that it would have taken the same action in the absence of the protected activity.

7. The measure of relief under 12 U.S.C. § 5567(c)(4)(D)(ii) and 29 C.F.R. § 1985.114(c): reinstatement or front pay, back pay with interest, compensation for special damages, and litigation costs.

Anticipated motions are addressed in Item 7.

*Defendant's Statement:*

Defendant contends that the principal disputed legal and factual issues are: (1) whether Plaintiff engaged in protected activity within the meaning of 12 U.S.C. § 5567(a); (2) whether Plaintiff held an objectively reasonable belief that the challenged software-testing methodology violated a law subject to the Bureau's jurisdiction; (3) whether the persons who made or materially contributed to the reduction-in-force

decision knew or suspected that Plaintiff had engaged in protected activity; (4) whether any alleged protected activity was a contributing factor in Plaintiff's selection; (5) whether Defendant can establish by clear and convincing evidence that it would have made the same selection absent the alleged protected activity; and (6) the existence, causation, mitigation, and amount of any recoverable damages. Defendant does not dispute that Plaintiff's employment ended on February 11, 2025 as part of the reduction in force, but disputes liability and damages.

**4. PARTIES, EVIDENCE**

*Plaintiff's Statement:*

**Parties.** Plaintiff Jonathan Beacher, appearing pro se. Defendant Domuso, Inc., a Delaware corporation. Defendant's Certificate of Interested Parties (Dkt. 19) identifies no parent, subsidiary, affiliate, or other interested party.

**Percipient witnesses** (subjects are set out in Plaintiff's Rule 26(a)(1) disclosures served September 29, 2026): Jonathan Beacher; Dennis Carlos; Alex Sohn; Brandon Haller; Alex Fritzie; Jose Godinez; Bryan Babineau; Michael Lightfoot; Chunseo Choi; Roman Wroclowski; Ron Klein; Jordan Hessels; Moises Cardenas; David Burhans; Jason Lane; Jennifer Wagner; Sarah Hall; Halleh McCants; Nicole House; Nathan Espinoza; Shraddha V. (contract QA engineer); Ardalan Razavi; Rachel Bankston; Andy Jankowski; persons who provided information for Defendant's submissions to OSHA and the California Labor Commissioner; consumers who reported the Rewards defect in August 2024; and custodians of Defendant's records.

**Key documents.** Defendant's September 24, 2025 and April 24, 2026 submissions to OSHA and its March 2, 2026 submission to the Labor Commissioner, which Defendant forwarded to OSHA as part of its April 2026 response, with their exhibits; Defendant's September 30, 2024 written directive, the October 2, 2024 Slack exchange between Plaintiff and Brandon Haller, and Plaintiff's Slack messages objecting to the release practice; Plaintiff's October 3, 2024 report to the Bureau and any communications between Defendant and the Bureau; the Notice of Change of

Employment Status and the age-and-title disclosure; the 2024 performance reviews of Plaintiff and Alex Sohn, with their platform metadata, and any performance reviews of Dennis Carlos; the offer letters for Plaintiff and Alex Sohn and the job descriptions for Plaintiff, Alex Sohn, and Dennis Carlos; the records of the July 2024 Rewards release and the August 2024 Rewards defect, including the Jira issues, deployment records, consumer reports, and production-database correction records; the Jira, deployment, and QA-approval records for the October 2024 Plaid release; Defendant's test-repository history; Dennis Carlos's December 2024 Slack messages denying Plaintiff's January 2025 paid-time-off requests, Bryan Babineau's approval of one of those weeks, and the paid-time-off records for the QA team; Defendant's Terms of Service; the OSHA findings of May 18, 2026 and the OSHA investigator's March 31, 2026 request for documents; Defendant's Employee Handbook, including its Open Door Policy, and its Flexible Paid Time Off policy; the Colorado Attorney General's July 29, 2026 complaint against Defendant and the Final Consent Judgment resolving it; the KRNV News 4 reports of December 2022 and July 2023; and Defendant's hiring, staffing, and financial records from July 2024 forward.

*Defendant's Statement:* Defendant is Domuso, Inc., a Delaware corporation. Subject to supplementation under Rule 26(e), Defendant anticipates that the persons with knowledge will include Plaintiff, the managers and employees involved in the relevant quality-assurance practices and reduction-in-force decision, the personnel involved in Defendant's DOL submissions, and appropriate custodians of records. Defendant anticipates that relevant materials may include personnel and performance records, communications concerning quality-assurance and release practices, documents concerning the reduction in force and the business reasons for it, the parties' submissions to and communications with the DOL, and documents concerning Plaintiff's claimed damages and mitigation. Defendant reserves all objections concerning relevance, proportionality, privilege, confidentiality, authentication, admissibility, and the scope of any requested discovery.

## 5. DAMAGES

*Plaintiff's Statement:* Plaintiff's base salary at termination was $120,000 ($328.77 per day). The realistic range of provable damages, before interest and costs:

- **Back pay** from February 16, 2025, the day after the last pay period for which Plaintiff was paid, through trial, less severance received ($6,923) and less a 95-day period of medical leave (on or about July 9 – October 11, 2025). Through November 3, 2026: $167,652.34, accruing at approximately $328.77 per day.
- **Lost health benefits:** COBRA premiums paid less the employee share, $10,605.79 through July 2026, and any lost health benefits thereafter.
- **Front pay** in lieu of reinstatement, for the period reasonably required for Plaintiff to obtain comparable employment, as determined by the Court; Plaintiff has sought comparable employment since his termination, apart from the medical-leave period noted above, without success.
- **Compensatory damages** for emotional distress (garden-variety), as authorized by 12 U.S.C. § 5567(c)(4)(D)(ii): to be determined by the trier of fact; Plaintiff estimates $10,000 to $50,000.
- **Prejudgment interest** on back pay, and **litigation costs**, including expert witness fees and reasonable attorney fees for any attorney consultation, limited-scope legal services, or counsel of record Plaintiff obtains, as permitted by 12 U.S.C. § 5567(c)(4)(D)(ii)(II)–(III).

As of November 3, 2026, Plaintiff's accrued damages are $167,652.34 in back pay and $10,605.79 in lost health benefits through July 2026. Back pay continues to accrue at approximately $328.77 per day until trial, less any interim earnings. Plaintiff also seeks any lost health benefits after July 2026, garden-variety emotional distress damages, reinstatement or, in lieu of reinstatement, front pay for the period determined by the Court, interest, and costs. Unemployment compensation paid by the State of Washington is a collateral source and is not deducted. Plaintiff has mitigated by seeking

comparable employment since his termination, apart from the medical-leave period noted above, and will produce his job-search records.

*Defendant's Statement*: Defendant disputes Plaintiff's damages calculations and denies that any recoverable loss was caused by unlawful conduct. Defendant contends that any recovery must be limited to damages authorized by 12 U.S.C. § 5567 and supported by competent evidence, and must account for mitigation, interim earnings and benefits, the severance payment, periods during which Plaintiff was unavailable or unable to work, and any failure to pursue reasonably comparable employment. Defendant disputes Plaintiff's entitlement to reinstatement, front pay, emotional-distress damages, prejudgment interest, attorney fees incurred while self-represented, expert fees, or other costs except to the extent authorized and proven. Defendant reserves the right to supplement its position after receiving complete damages and mitigation discovery.

**6. INSURANCE**

*Plaintiff's Statement:* Plaintiff has no insurance applicable to this action. Defendant has indicated that it has an insurance carrier and that there is a reservation of rights, but has not stated the extent of coverage (Dkt. 18 § B.6). Defendant's insurance agreement is required in its Rule 26(a)(1)(A)(iv) initial disclosures and is requested in Plaintiff's First Requests for Production, served October 11, 2026.

*Defendant's Statement:* Defendant agrees with Plaintiff's Statement above.

**7. MOTIONS**

**a. Procedural Motions**

*Plaintiff's Statement:* Plaintiff does not presently anticipate a motion to amend the pleadings or add parties, other than any amendment the Court permits in ruling on Defendant's Rule 12(c) motion.

*Defendant's Statement:* Defendant filed its 12(c) motion as described above.

///

///

**b. Dispositive Motions**

*Plaintiff's Statement:* Defendant filed a motion for judgment on the pleadings under Rule 12(c) on October 22, 2026 (Dkt. 21), set for hearing on December 2, 2026. Plaintiff will oppose the motion; his opposition is due November 10, 2026. Plaintiff anticipates moving for summary judgment on coverage, protected activity, Defendant's knowledge of the protected activity, the unfavorable personnel action, and contributing factor, and on Defendant's defense that it would have taken the same action in the absence of the protected activity, and, in the alternative, for an order under Rule 56(g) treating any facts not genuinely in dispute as established. Plaintiff will comply with the Joint Brief procedure in the Standing Order (Dkt. 9) § G.9. Plaintiff anticipates filing after the close of fact discovery, in time to be heard by the motion cutoff under the five-week briefing schedule in Standing Order § G.9(f). If Defendant moves for summary judgment before Plaintiff has had an adequate opportunity for discovery, see Standing Order § G.9(e), Plaintiff will seek relief under Fed. R. Civ. P. 56(d). If Defendant moves after the close of fact discovery, Plaintiff will request summary judgment in his response under Fed. R. Civ. P. 56(f), as Standing Order § G.9(d) provides.

*Defendant's Statement:* Defendant filed its Rule 12(c) motion and, if necessary, after appropriate discovery, may move for summary judgment on protected activity, knowledge, causation, the same-decision defense, and damages. Defendant will comply with the Court's Standing Order and all applicable briefing and hearing deadlines.

## 8. MANUAL FOR COMPLEX LITIGATION

*Joint Statement:* Not warranted. This is a single-plaintiff, single-claim employment action.

## 9. DISCOVERY

**(a) Status of Discovery**

*Plaintiff's Statement:*

- Plaintiff served his Rule 26(a)(1) initial disclosures on September 29, 2026. Defendant's initial disclosures are due under Rule 26(a)(1)(C)

within 14 days after the parties' October 28, 2026 Rule 26(f) conference, that is, by November 12, 2026.

- The parties held the Rule 26(f) conference on October 28, 2026 at 3:00 p.m. by videoconference.
- Plaintiff's position is that Standing Order § D.3 permits discovery to commence upon the filing of the first answer and provides that discovery is not stayed while any motion is pending, and that Dkt. 18 § A.4 encourages the parties to begin discovery actively before the Scheduling Conference.
- Plaintiff served his First Requests for Admission, First Set of Interrogatories, and First Requests for Production on October 11, 2026; by the parties' stipulation, responses are due December 10, 2026. On October 29, 2026, after Defendant declined the genuineness stipulation described in Item 9(b), Plaintiff served his Second Set of Requests for Admission (Nos. 175–185), asking Defendant to admit the genuineness of eleven documents, including its submissions to OSHA and the Labor Commissioner, the 2024 performance reviews it submitted to OSHA, and OSHA's May 18, 2026 findings; by the parties' stipulation, responses are also due December 10, 2026. Plaintiff's proposed discovery plan anticipates that matters admitted, whether by response or under Fed. R. Civ. P. 36(a)(3), will narrow the scope of depositions and further written discovery, and Plaintiff will plan depositions and summary judgment briefing accordingly.
- **Anticipated disputes:** the timing of discovery; the terms of a protective order (see below); and Defendant's production of electronically stored information in native form with metadata. Plaintiff also anticipates a dispute over whether his requests for admission sufficiently identify the

Slack messages and passages of Defendant's own agency submissions they reference.

*Defendant's Statement:* Defendant's position is that merits discovery and the scheduling of depositions should be deferred until the pleadings are no longer at issue and the Rule 12(c) motion has been resolved. Defendant will nevertheless comply with obligations imposed by the Federal Rules of Civil Procedure and any order of the Court, and reserves all objections to discovery served before the Rule 26(f) conference or before discovery properly commences.

**(b) Discovery Plan**

*Plaintiff's Statement:*

*Changes to Rule 26(a) disclosures:* none.

*Subjects on which discovery is needed:*

1. Defendant's test and release practice from 2022 through 2025: the manual testing and QA approval that gated release, when automated regression tests were built relative to release, and whether manual regression testing of released features was required, including Defendant's descriptions of that practice to OSHA and the Labor Commissioner.
2. The Rewards feature: its release on or around July 3, 2024, including the testing and QA approval for that release; the August 2024 Rewards defect, including its cause, reproducibility, how and by whom it was first identified, the support tickets and customer reports, the remediation including any manual correction of production data, and the deployment of on or around August 17, 2024; and the absence of regression testing of the feature between those dates.
3. The DCash ACH (Plaid) release on or around October 15, 2024: the September 30, 2024 directive, the testing performed, and the automated tests built after release.

///

4. Plaintiff's objections and Defendant's responses: Slack messages and other communications among Plaintiff, Dennis Carlos, Brandon Haller, Jose Godinez, and others from 2022 through February 2025.

5. Defendant's knowledge of Plaintiff's objections and of his Bureau complaint, including who knew what and when, and any inquiry, notice, or communication Defendant received from the Bureau or any other agency before February 11, 2025 concerning its testing or release practices, its Rewards feature, or consumer account records, whether or not Defendant knew its source.

6. The February 11, 2025 reduction in force: who decided, when, on what criteria, and all documents created before and after February 11, 2025 concerning the selection; the reasons given to Plaintiff, to OSHA, and to the Labor Commissioner, and the factual basis for each, including the stated tenure, performance, and qualifications of retained employees.

7. Job descriptions, offer letters, performance reviews, and compensation of Plaintiff, Alex Sohn, Dennis Carlos, and the contract QA engineer; the dates on which the 2024 reviews were prepared, modified, and delivered.

8. Paid-time-off requests, approvals, and denials from January 2023 through February 2025 for Plaintiff, and from January 2024 through February 2025 for the QA team, Brandon Haller, and the personnel involved in Plaintiff's selection.

9. Defendant's hiring, promotions, and staffing from July 2024 to the present, including the December 2024 Customer Success hire, the Tier 2 Customer Support Specialist position posted in September 2025, prior reductions in force, and whether any eliminated position was refilled.

10. Customer-reported software defects before and after February 11, 2025, including support ticket volume by month.

///

11. Defendant's financial condition from July 2024 through July 2026, including the financial disclosures Defendant provided to the Colorado Attorney General, as it bears on the stated reason for the reduction in force.

12. Defendant's Terms of Service and their revisions.

13. Defendant's insurance coverage.

14. Plaintiff's damages and mitigation.

*Phasing or limits:* Plaintiff does not propose phased discovery. Plaintiff proposes the default limits of Rules 30 and 33 (10 depositions per side and 25 interrogatories per party) and no limit on requests for admission beyond Rule 26(b)(1)'s proportionality standard.

*Proposed stipulations:* Plaintiff has proposed that the parties stipulate to the genuineness of documents Defendant submitted to OSHA in Case No. 301059066, and of OSHA's correspondence and findings in that case. On October 28, 2026, Defendant declined that stipulation. To reduce the cost and time of depositions, Plaintiff has also proposed a stipulation under Rule 29 permitting depositions by written questions of up to ten current employees of Defendant, on these terms: no more than 25 questions per deposition; written answers signed under penalty of perjury under 28 U.S.C. § 1746 and returned within 30 days after service, without an officer or court reporter; use of the answers in the same way as any other deposition; no count toward the limit in Rule 30(a)(2)(A)(i); and either party's right to later take an oral deposition of any witness who answered.

*Electronically stored information:* Plaintiff requests that Slack, Jira, GitHub or other source-control and CI/CD records, Zendesk or other support-ticket records, deployment logs, and HR-system records be produced in native form with metadata preserved, and that the parties agree on custodians, date ranges, and search terms for Slack and email. Plaintiff sent a written preservation demand to Defendant's then-counsel, Sebris Busto James, and to Defendant's registered agent by U.S. mail on

August 17, 2026, and sent it to Defendant's current counsel by email on September 10, 2026.

*Protective order:* Plaintiff will agree to a stipulated protective order in the form used in this District, provided that (i) it contains no "attorneys' eyes only" tier that would prevent Plaintiff, who is currently self-represented, from reviewing produced material; (ii) it expressly does not restrict any party from providing information to a government agency; and (iii) confidentiality designations require a good-faith basis and are subject to challenge.

*Privilege:* the parties should exchange privilege logs within 30 days after each production.

*Defendant's Statement:* Defendant proposes that discovery be proportional to the needs of this single-claim action and focused initially on the dispositive issues of protected activity, decisionmaker knowledge, causation, the reduction in force, and damages. Defendant does not agree at this time to Plaintiff's proposed custodians, date ranges, search terms, native-production requirements, or the breadth of the proposed subject matters, and reserves objections based on relevance, proportionality, burden, privilege, confidentiality, possession, custody or control, and the protection of proprietary source code or technical information. Defendant agrees to meet and confer regarding a reasonable ESI protocol, including appropriate sources, custodians, date ranges, search methodology, production format, and privilege procedures. Defendant will agree to a stipulated protective order based on an approved form for this District, with protections adequate for confidential personnel, business, financial, technical, and source-code information. Defendant proposes exchanging privilege logs at a mutually agreed time after substantial productions, subject to appropriate categorical logging and exclusions for post-complaint litigation communications.

///

///

///

**(c) Discovery Cutoff**

*Plaintiff's Statement:* Monday, March 1, 2027.

*Defendant Statement:* Defendant believes it is premature to set a discovery cutoff before resolution of the anticipated Rule 12(c) motion and requests a further case management conference after the pleadings are no longer at issue. Defendant further objects to Plaintiff's March 1, 2027 given the pleadings are still disputed and the hearing on its Rule 12(c) motion is not until December 2, 2026.

**(d) Expert Discovery**

*Plaintiff's Statement:* Initial expert disclosures March 17, 2027; rebuttal disclosures March 31, 2027; expert discovery cutoff April 14, 2027.

*Defendant Statement:* Defendant believes it is premature to set expert-disclosure and expert-discovery deadlines before resolution of the anticipated Rule 12(c) motion and requests that those dates be set at a further case management conference after the pleadings are no longer at issue. Defendant further objects to Plaintiff's proposed dates given the pleadings are still disputed and the hearing on its Rule 12(c) motion is not until December 2, 2026.

**10. SETTLEMENT CONFERENCE/ALTERNATIVE DISPUTE RESOLUTION**

*Plaintiff's Statement:* Plaintiff made written settlement proposals to Defendant on August 17 and September 22, 2026. Defendant acknowledged them but has not made a counterproposal, and no agreement has been reached. Plaintiff's September 22, 2026 proposal remained open through October 17, 2026. Plaintiff made a further written proposal on October 18, 2026, which remains open through November 20, 2026. Defendant has proposed mediation, and states below that it is willing to participate in a settlement conference before a Magistrate Judge after the December 2, 2026 hearing on its Rule 12(c) motion. On October 3, 2026, Plaintiff advised Defendant in writing that he is willing to participate in any of the Court's three ADR procedures: his preference is ADR Procedure No. 1, a settlement conference before the Magistrate Judge; he will

also participate in ADR Procedure No. 2 or No. 3 provided that Defendant bears the mediator's fees and costs. Plaintiff requests ADR Procedure No. 1, to be completed by June 16, 2027, and requests an early settlement conference before the Magistrate Judge, to be held as soon as the Magistrate Judge's calendar permits, regardless of Defendant's pending Rule 12(c) motion. An early conference is practical here: Defendant's initial disclosures (due November 12, 2026) and its responses to Plaintiff's first written discovery (due December 10, 2026) will have been served. Plaintiff also raised the possibilities for prompt settlement at the October 28, 2026 conference, as Rule 26(f)(2) contemplates. Plaintiff notes Dkt. 18 § B.10's requirement that an officer of Defendant with full authority to settle participate personally.

*Defendant Statement*: Defendant believes it is premature to set a settlement-completion deadline before resolution of the Rule 12(c) motion. Defendant is willing to participate in a settlement conference before a Magistrate Judge after the hearing on that motion and requests that ADR timing be addressed at a further case management conference if the action remains pending.

**11. TRIAL**

**(a) Trial Estimate**

*Plaintiff's Statement:* Jury trial, four (4) court days. Plaintiff anticipates calling approximately eight to ten witnesses, including adverse witnesses employed by Defendant.

*Defendant's Statement*: Defendant agrees that any trial would be by jury but believes a trial estimate and trial date are premature before resolution of the pleadings and completion of discovery. If the action proceeds, Defendant presently estimates approximately four to five court days, subject to refinement.

**(b) Consent to Trial Before a Magistrate Judge**

*Plaintiff's Statement:* Plaintiff consents to trial before a Magistrate Judge under 28 U.S.C. § 636(c). Plaintiff does not consent to a Magistrate Judge deciding

Defendant's pending Rule 12(c) motion, any motion for summary judgment, or any other dispositive pretrial motion.

*Defendant's Statement:* Defendant consents to trial before a Magistrate Judge under 28 U.S.C. § 636(c)

**(c) Lead Trial Counsel**

*Plaintiff's Statement:* Plaintiff currently appears pro se and would serve as his own lead trial counsel. If he retains counsel, he will promptly notify the Court and Defendant.

*Defendant's Statement*: Defendant believes it is premature and request another CMC after the pleadings are no longer at issue.

**12. INDEPENDENT EXPERT OR MASTER**

*Joint Statement:* Not warranted.

**13. SCHEDULE WORKSHEET**

| Event | Plaintiff's Date | Defendant's Date |
|---|---|---|
| Jury trial (Tuesday, 8:30 a.m.); estimated 4 days | August 10, 2027 | |
| Final Pretrial Conference / Hearing on Motions in Limine (Wednesday, 1:30 p.m.) | July 21, 2027 | |
| Last date to hear motion to amend pleadings or add parties (Wednesday) | February 24, 2027 | |
| Fact discovery cutoff | March 1, 2027 | |
| Expert disclosure (initial) | March 17, 2027 | |
| Expert disclosure (rebuttal) | March 31, 2027 | |
| Expert discovery cutoff | April 14, 2027 | |
| Last date to hear motions (Wednesday) | April 28, 2027 | |
| Deadline to complete settlement conference (ADR Procedure No. 1) | June 16, 2027 | |
| Trial filings (first round) | June 23, 2027 | |
| Trial filings (second round) | July 7, 2027 | |

*Plaintiff's Statement:* Plaintiff's proposed dates are set out in the worksheet above. Defendant has not proposed alternative dates (see Dkt. 18 § B.13). Under Standing Order § D.3, a pending motion does not stay discovery, and the hearing on Defendant's Rule 12(c) motion is December 2, 2026, less than two weeks after the Scheduling Conference.

*Defendant's Statement*: Defendant requests that the dates in the schedule worksheet be deferred and set at a further case management conference after resolution of the pleadings. Defendant further objects to Plaintiff's proposed timeline above, because the pleadings are still disputed and the hearing on its Rule 12(c) motion is not until December 2, 2026.

**14. OTHER ISSUES**

*Plaintiff's Statement:*

1. **Discovery scheduling.** Plaintiff requests that the Scheduling Order confirm that discovery is not stayed pending any motion, consistent with Standing Order § D.3, and that responses to Plaintiff's discovery served October 11, 2026 are due December 10, 2026, by the parties' stipulation.
2. **Electronically stored information.** Native-format production with metadata, as stated in Item 9.
3. **Protective order.** The terms stated in Item 9, in particular that no attorneys'-eyes-only designation may be used to prevent Plaintiff, who is currently self-represented, from reviewing produced material.
4. **Technical subject matter.** The case involves software testing and release practices. Plaintiff will propose a short set of agreed definitions (for example, regression testing, release, deployment, and QA approval) for use in motions and at trial.
5. **Bifurcation.** Plaintiff requests that trial be bifurcated under Fed. R. Civ. P. 42(b), with liability tried first, and damages tried immediately afterward before the same jury only if liability is found. Bifurcation will shorten trial

if no liability is found, keep evidence of Plaintiff's job search, finances, and other damages-related matters separate from the liability issues, and allow the Court to address equitable relief, including reinstatement or front pay, on a focused record.

*Defendant Statement*: Defendant opposes a blanket determination at this stage concerning the timing or scope of discovery, native-format production, an attorneys'-eyes-only restriction, stipulated technical definitions, or bifurcation. Those matters should be addressed, if necessary, through the parties' meet-and-confer process and after the pleadings are resolved. Defendant reserves the right to seek an attorneys'-eyes-only or source-code tier where necessary to protect highly confidential technical or proprietary information and opposes bifurcation as premature, while reserving all rights under Rule 42(b).

**Related Proceedings**

*Plaintiff's Statement:* Plaintiff's complaint against Defendant before the California Labor Commissioner, Retaliation Complaint Investigation Unit, Case No. RCI-CM-1117402, filed August 8, 2025, remains pending. It concerns Defendant's handling of Plaintiff's December 2024 and January 2025 leave requests and alleges that those sick-leave requests were also a factor in his February 11, 2025 termination; it does not assert Plaintiff's claim under 12 U.S.C. § 5567. The administrative proceeding before the OALJ, Case No. 2026-CFP-00011, was dismissed on August 21, 2026. No other related litigation is pending.

Dated: November 5, 2026 By: /s/ *Jonathan Beacher*

Jonathan Beacher
PRO SE

///

///

///

Dated: November 5, 2026

**KAUFMAN DOLOWICH LLP**

By: /s/ *Katherine S. Catlos*
Katherine S. Catlos
Tiffany Schneider
Attorneys for Defendant
DOMUSO, INC.