# EXHIBIT 1

Van v. JP Morgan Chase & Co., ARB No. 2023-0018, ALJ No. 2022-SOX-00028 (ARB Nov. 5, 2024)

(Excerpts: pages 1, 5, 13-17)

**U.S. Department of Labor**

Administrative Review Board
200 Constitution Ave. NW
Washington, DC 20210-0001

**IN THE MATTER OF:**

**AMY VAN,**

**COMPLAINANT,**

**v.**

**JP MORGAN CHASE & CO., et al.,**

**RESPONDENT.**

**ARB CASE NO. 2023-0018**

**ALJ CASE NO. 2022-SOX-00028**
**ALJ WILLIAM P. FARLEY**

**DATE: November 5, 2024**

**Appearances:**

***For the Complainant:***
**Thad M. Guyer, Esq. and Stephani L. Ayers, Esq.; *T.M. Guyer and Ayers & Friends*; Medford, Oregon**

***For the Respondent:***
**Michael D. Schissel, Esq. and Pamela E. Safirstein, Esq.; *Arnold & Porter Kaye Scholer, LLP*; New York, New York**

**Before HARTHILL, Chief Administrative Appeals Judge, and WARREN, Administrative Appeals Judge**

## DECISION AND ORDER REVERSING AND REMANDING

WARREN, Administrative Appeals Judge:

This case arises under Section 806 of the Corporate and Criminal Fraud Accountability Act of 2002, Title VIII of the Sarbanes-Oxley Act (SOX),[1] its implementing regulations,[2] and the Consumer Financial Protection Act of 2010,

---

[1] 18 U.S.C. § 1514A.

[2] 29 C.F.R. Part 1980 (2024).

bank fraud; or (4) 1348 securities fraud," and that as a result Complainant had not alleged an enumerated fraud statutes violation as defined by 18 U.S.C. § 1514A(a).[29] The ALJ likewise summarily determined that Van failed to allege that she engaged in protected activity under the CFPA "pursuant to any of the 18 laws within the Consumer Financial Protection Bureau's jurisdiction."[30] Accordingly, the ALJ dismissed Van's complaint under SOX and the CFPA. [31]

On January 26, 2023, Van appealed the ALJ's Order to the Board.

## JURISDICTION AND STANDARD OF REVIEW

The Secretary of Labor has delegated authority to the ARB to hear appeals from ALJ decisions and issue agency decisions in cases arising under SOX and the CFPA.[32] The ARB reviews de novo an ALJ's order on a motion to dismiss.[33] In ruling on a motion to dismiss, the ALJ and the ARB "must view the evidence, along with all reasonable inferences, in the light most favorable to the non-moving party."[34]

## DISCUSSION

### 1. Motion to Dismiss Standard

The Rules of Practice and Procedure for Administrative Hearings Before the Office of Administrative Law Judges allow a party to move to dismiss part or all of the matter for failure to state a claim upon which relief can be granted.[35] In *Sylvester,* the ARB held that because federal litigation materially differs from administrative whistleblower litigation within the Department of Labor, it would apply a less stringent legal standard for stating a claim in a SOX complaint filed in

---

29 *Id.*

30 *Id.* at 6.

31 *Id.*

32 *See* Secretary's Order No. 01-2020 (Delegation of Authority and Assignment of Responsibility to the Administrative Review Board (Secretary's discretionary review of ARB decisions)), 85 Fed. Reg. 13,186 (Mar. 6, 2020); 29 C.F.R. §§ 1980.110(a), 1985.110(a).

33 *Bauche v. Masimo Corp.,* ARB No. 2022-0035, ALJ No. 2022-SOX-00010, slip op. at 4 (ARB Sept. 27, 2022) (citation omitted).

34 *Id.* at 5 (citing *Garvey v. Morgan Stanley,* ARB No. 2020-0034, ALJ No. 2017-SOX-00030, slip op. at 2-3 (ARB July 16, 2021)).

35 29 C.F.R. § 18.70(c).

engaged in SOX-protected activity.[81] Since Van's Restated Complaint pled facts describing SOX-protected activity related to wire fraud and a violation of SEC Rule 13a-15 regarding internal controls, which sufficiently meets the less stringent fair notice pleading standard, we reverse the ALJ's dismissal of her SOX claim.[82] Additionally, we remand the case to the ALJ to properly consider whether each of the alleged instances of protected activity in the Restated Complaint provided "fair notice" of Van's SOX claim and to proceed with evidentiary proceedings regarding those specific instances of alleged SOX-protected activity.

### 3. The July 27, 2022 Restated Complaint Provided Fair Notice of Protected Activity Under the CFPA

#### A. *Burdens of Proof Under the CFPA*

The CFPA whistleblower protection provisions prohibit covered persons or service providers from terminating or in any other way discriminating against covered employees if they have engaged in protected activity pertaining to the offering or provision of consumer financial products or services.[83] To establish a whistleblower claim under the CFPA, an employee must prove by a preponderance of the evidence that: (1) they engaged in CFPA-protected activity; (2) they were subjected to an adverse employment action; and (3) the protected activity contributed to the adverse action.[84] If the employee establishes these elements, the employer may avoid liability if it can prove by clear and convincing evidence that, in the absence of the protected activity, it would have taken the same adverse action.[85]

#### B. *Protected Activity Under the CFPA*

Under the CFPA's whistleblower protection provisions, an employee engages in protected activity if they provide or cause to be provided information to the employer relating to any act or omission that they reasonably believe to be a

---

81 *See Smith v. Franciscan Physician Network,* ARB No. 2022-0065, ALJ No. 2020-ACA-00004, slip op. at 14-15 n.88 (ARB June 29, 2023) (discussing *Gallas* and describing the standard for summary judgment, as contrasted with the "low threshold required to defeat a motion to dismiss.").

82 *See McFadden v. Deutsche Bank,* ARB No. 2022-0002, ALJ No. 2021-SOX-00023, slip op. at 4 (ARB Jan. 26, 2022) (citation omitted) (noting that the "fair notice requirement is not a demanding standard.").

83 12 U.S.C. §§ 5481(5), 5567.

84 29 C.F.R. § 1985.109(a); *Horn v. Univ. of First Fed. Credit Union,* ARB No. 2018-0033, ALJ No. 2017-CFP-00003, slip op. at 4 (ARB June 18, 2020).

85 29 C.F.R. § 1985.109(b); *Childs v. Sente Mortgage,* ARB No. 2014-0043, ALJ No. 2013-CFP-00004, slip op. at 3 (ARB Oct. 29, 2015) (citing 12 U.S.C.A. § 5567(c)(3)).

violation of the CFPA or any other provision of law that is subject to the jurisdiction of, or enforceable by, the CFPB, or any rule, order, standard, or prohibition prescribed by the CFPB.[86]

In the January 20, 2023 Order, the ALJ determined that Van failed to allege that she engaged in protected activity "pursuant to any of the 18 laws within the Consumer Financial Protection Bureau's jurisdiction."[87] The ALJ, however, failed to consider whether Van alleged CFPA-protected activity pursuant to the other categories of consumer financial laws under 12 U.S.C. §5567(a). The Board agrees with Van that the "18 laws within the [CFPB]'s jurisdiction" referred to by the ALJ are only one category of federal consumer financial laws that could form the basis of protected activity under the CFPA.[88] In addition to the 18 enumerated federal consumer financial laws, the CFPA also protects activity "relating to any provision of law that is subject to the jurisdiction of the [CFPB]."[89]

C. *Complainant alleged some facts related to the CFPA's prohibition against unfair, deceptive, and abusive practices sufficient to overcome a motion to dismiss*

Section 5536 of the CFPA prohibits covered persons and service providers from engaging in unfair, deceptive, or abusive acts or practices in connection with any transaction with a consumer for a consumer financial product or service, or the offering of a consumer financial product or service.[90] Therefore, to meet the fair notice pleading standard, Van's Restated Complaint must contain "some facts" about protected activity that is related to the CFPA's prohibition against engaging in unfair, deceptive, or abusive acts or practices in connection with a consumer financial product or service.[91]

Under the CFPA, an act or practice is unfair if it "(1) causes or is likely to cause substantial injury to consumers which is not reasonably avoidable by consumers; and (2) such substantial injury is not outweighed by the countervailing

---

86 12 U.S.C. § 5567(a); *see also* 29 C.F.R. § 1985.102.

87 Order at 6. The eighteen enumerated consumer financial laws are listed in 12 U.S.C. § 5481(12).

88 *See* Comp. Br. at 42.

89 *Childs,* ARB No. 2014-0043, slip op. at 3.

90 12 U.S.C. § 5536(a)(1)(B) ("It shall be unlawful for any covered person or service provider to engage in any unfair, deceptive, or abusive act or practice.")

91 *See Evans,* ARB No. 2008-0059, slip op. at 9; *see also* 29 C.F.R. § 1985.104(e)(2)(i) ("The complaint . . . must allege the existence of facts and evidence to make a prima facie showing as follows: (i) the employee engaged in a protected activity.")

benefits to consumers or to competition."[92] In Van's Restated Complaint, she alleged that she knew that failure to follow KYC account eligibility requirements could "*injure* the interests of customers in uninterrupted access to their money. . . ."[93] She further explained that disregarding CIP requirements could lead to the "unjustified interruption, freezing, or seizing of their account funds needed to support their families."[94] We hold that Van provided fair notice of her CFPA claim as she sufficiently pled disclosure of Respondent's alleged violation of KYC-CIP procedures because she believed customers could sustain "substantial injury" of a frozen account based on improper identity authentication practices.[95]

Van also provided "some facts" that related to the CFPA's prohibition against deceptive practices. An act or practice is deceptive if it (1) misleads or is likely to mislead the consumer; (2) if the consumer's practice, interpretation of the representation, omission, act, or practice is reasonable under the circumstances; and (3) if the representation, omission, act, or practice is material.[96] In Van's Restated Complaint, she alleged that she disclosed that JP Morgan & Chase was engaged in "consumer financial fraud . . . by intentionally perpetrating and acquiescing to customers and clients *being misled* as to their eligibility to open, maintain, and use their accounts."[97] Van further argued that Respondent was "*actively misrepresenting* client status and verification as U.S. persons and non-U.S. persons in order to induce them to deposit their funds with JP Morgan & Chase, and to pay for banking services" marketed by JP Morgan & Chase.[98] We conclude, therefore, that Van sufficiently pled that she disclosed Respondent's violations of CIP identity authentication procedures because she reasonably believed that JP

---

92 12 U.S.C. § 5531(c)(1).

93 Restated Complaint at 6 (emphasis added).

94 *Id.* at 22.

95 *See CFPB v. Think Finance, LLC,* 2018 WL 3707911, at *1, 8 (D. Mont. Aug. 3, 2018) (in denying the defendant's motion to dismiss, the district court determined that defendant had engaged in "unfair and abusive practices" when it collected loan payments that customers did not owe).

96 *See* Investigator's Desk Aid to the Consumer Financial Protection Act of 2010 (CFPA) Whistleblower Protection Provision, at pp. 6-7; *see also CFPB v. Gordon,* 819 F.3d 1179, 1192 (9th Cir. 2016) (explaining that "an act or practice is deceptive if (1) there is a representation, omission, or practice that, (2) is likely to mislead consumers acting reasonably under the circumstances, and (3) the representation, omission, or practice is material.").

97 Restated Complaint at 22 (emphasis added).

98 *Id.* (emphasis added).

Morgan & Chase's conduct was misleading potential customers about their eligibility to open and maintain bank accounts.[99]

Lastly, Van's Restated Complaint also described activity that could be considered abusive under the CFPA. A practice is abusive if it "takes unreasonable advantage of (a) lack of understanding on the part of the consumer of the material risks, costs, or conditions of the products or service; (b) the inability of the consumer to protect the interests of the consumer in selecting or using a consumer financial product or service; or (c) the reasonable reliance of the consumer on a covered person to act in the interests of the consumer."[100] Van explained in her Restated Complaint that federal regulations required that the CIP include risk-based procedures for verifying a customer's identity, which included an assessment of the "bank's size, location, and customer base."[101] Van indicated that JP Morgan & Chase had a large client base of "foreign born customers, many of whom had *significant language and cultural barriers* to *understanding account eligibility standards*."[102] She argued that instead of complying with federal regulations to consider its customer base, JP Morgan & Chase had its "employees and managers aggressively attempt to gain them as customers, despite CIP."[103] Since Van's Restated Complaint alleged facts that JP Morgan & Chase was taking unreasonable advantage of the lack of understanding on the part of its concentration of foreign born customers regarding the CIP identity eligibility requirements needed to open and maintain accounts, we conclude that Van has sufficiently pled that she engaged in CFPA-protected activity.[104]

JP Morgan & Chase contends that Van did not allege a claim under the CFPA because the "alleged KYC incidents in no way rise to the level of what OSHA itself considers to encompass 'unfair, deceptive, or abusive' acts or practices against consumers with regard to CFPA whistleblowers."[105] We reject this argument for two

---

99 *See CFPB v. Certified Forensic Loan Auditors, LLC,* 2020 WL 2556417 at *2, 4 (C.D. Cal. May 20, 2020) (in denying the defendant's motion to dismiss, the district court found that the CFPB had sufficiently pled that defendants engaged in deceptive practices when they "misrepresented" the likely effectiveness of their services and qualifications of those that performed them in order to convince consumers to purchase their services).

100 12 U.S.C. § 5531(d).

101 Restated Complaint at 19 (citing 31 C.F.R. § 1020.220(a)).

102 *Id.* at 22 (emphasis added).

103 *Id.* at 19.

104 *See Think Finance, LLC,* 2018 WL 3707911, at * 8 (the district court noted that the amended complaint sufficiently pled a claim for abusive conduct under the CFPA when the complaint asserted "that borrowers lacked an understanding" of the law applicable to [d]efendants' loans" . . . .).

105 Resp. Br. at 36-37.

reasons. First, Respondent's argument would essentially require Van to demonstrate an actual violation of the CFPA to plead that she engaged in protected activity. The law, however, does not require such a showing to survive a motion to dismiss. Instead, a motion to dismiss is based "solely on the allegations in the complaint . . . not whether evidence exists to support such allegations."[106] Second, a covered employee need only allege they "reasonably believe" that the reported conduct is a violation of the CFPA or any other provision of law that is subject to the jurisdiction of the CFPB, or any rule, order, standard, or prohibition prescribed by the CFPB.[107]

When construing the evidence in the light most favorable to Van, we conclude that Van has adequately provided "some facts" about alleged protected activity that she reasonably believed were related to CFPA's prohibition about engaging in unfair, deceptive, or abusive acts or practices against consumers related to a consumer financial product or service. As Van provided fair notice of her CFPA claim, we reverse the ALJ's finding to dismiss her CFPA claim and remand the case to the ALJ to proceed with evidentiary proceedings.

## CONCLUSION

For the above reasons, we **REVERSE** the ALJ's Order Granting Respondent's Motion to Dismiss and **REMAND** this matter for further proceedings consistent with this decision and order.

**SO ORDERED.**

**IVEY S. WARREN**
**Administrative Appeals Judge**

**SUSAN HARTHILL**
**Chief Administrative Appeals Judge**

---

106 *Evans,* ARB No. 2008-0059, slip op. at 10.

107 12 U.S.C. § 5567(a)(1).