Jonathan Beacher
jonbeacher@gmail.com
PO Box 98
Seattle, WA 98111
Tel: (425) 523-7550
Plaintiff in Pro Se

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| JONATHAN BEACHER, | ) | Case No.: 2:26-cv-09014-AH-PVC |
| | ) | |
| Plaintiff, | ) | **[PROPOSED] ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** |
| vs. | ) | |
| DOMUSO, INC., | ) | |
| | ) | |
| Defendant. | ) | Hearing Date: December 2, 2026 |
| | ) | Time: 1:30 p.m. |
| | ) | Courtroom: 9C |
| | ) | Judge: Hon. Anne Hwang |

Defendant Domuso, Inc.'s Motion for Judgment on the Pleadings (Dkt. 21) came before the Court. Having considered the Motion, Plaintiff's Opposition, any Reply, and the pleadings on file, the Court DENIES the Motion.

Judgment on the pleadings is proper only when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law. For purposes of the Motion, Plaintiff's allegations are accepted as true, Defendant's allegations that

have been denied are assumed to be false, and reasonable inferences are drawn in Plaintiff's favor. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1990) (non-moving party's allegations accepted as true; moving party's denied allegations assumed false). Because Plaintiff appears pro se, the Complaint is construed liberally. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

Plaintiff alleges that Defendant terminated Plaintiff's employment in retaliation for objecting to Defendant's policy of releasing payment features to consumers without regression testing, for reporting the policy to the Consumer Financial Protection Bureau (the "Bureau"), and, in the alternative, for refusing to participate in the policy. Compl. ¶¶ 2, 97, 108, 189. The Motion rests on standards that do not govern this claim and on factual disputes the Court cannot resolve on the pleadings.

First, Defendant argues that protected activity must relate to one of eighteen "enumerated consumer laws." Mot. at 9-10. It need not. The prohibition of unfair, deceptive, or abusive acts or practices is a law "enforceable by the Bureau" and a "provision of this title." 12 U.S.C. §§ 5531(a), 5536(a)(1)(B), 5567(a)(1), (a)(4). The Administrative Review Board rejected the same eighteen-law theory, reversing an administrative law judge who had dismissed a complaint under § 5567 on that basis. Van v. JP Morgan Chase & Co., ARB No. 2023-0018, ALJ No. 2022-SOX-00028, slip op. at 5, 14-17 (ARB Nov. 5, 2024).

Second, § 5531 prohibits three categories of practices, unfair, deceptive, and abusive, and the Motion addresses only deception. Mot. at 13-14. The Motion does not apply the unfairness elements of § 5531(c) or the abusiveness elements of § 5531(d), though the Complaint principally pleads beliefs under those standards. Compl. ¶¶ 191-193, 196-197. The Complaint alleges facts that would permit a reasonable person to believe the practice was both. It alleges that the practice was likely to cause substantial injury, as the Rewards defect had already

shown; that consumers could not reasonably avoid that injury, because tenants cannot select or replace the platform; and that no countervailing benefit outweighed it. Id. ¶¶ 55, 57, 68-74, 82, 169, 202; 12 U.S.C. § 5531(c)(1). What Defendant calls "operational risk," Mot. at 11, is the likely substantial injury that standard describes. It also alleges that the practice took unreasonable advantage of consumers' inability to protect their interests and of their reliance on Defendant to record their rent accurately. Compl. ¶¶ 91, 197; 12 U.S.C. § 5531(d)(2)(B)-(C).

Third, Defendant argues that Plaintiff's communications did not "definitively and specifically" relate to a covered law. Mot. at 12. No decision Defendant cites applies that standard to objections under § 5567(a)(4); Van Asdale applied it to an employee's reports under the Sarbanes-Oxley Act. See Van Asdale v. Int'l Game Tech., 577 F.3d 989, 996-97 (9th Cir. 2009). Section 5567(a)(4) protects an objection or refusal based on what the employee "reasonably believed," and the reasonable-belief standard examines the reasonableness of the belief, "not whether the complainant actually communicated the reasonableness of those beliefs to management." Wadler v. Bio-Rad Labs., Inc., 916 F.3d 1176, 1187-88 (9th Cir. 2019) (internal quotation marks omitted). In any event, the Complaint alleges that Plaintiff objected that releasing payment features without their automated regression tests could allow defects to reach consumers' financial accounts, Compl. ¶ 97, as the Motion itself acknowledges, Mot. at 17. That objection identifies a practice and the injury to consumers it was likely to cause, the subject of § 5531(c)(1), and so relates to a covered law definitively and specifically; an employee need not cite the statute. Van Asdale, 577 F.3d at 997.

Fourth, Defendant's remaining arguments dispute the Complaint's allegations rather than accept them. Defendant calls the injury Plaintiff predicted a "hypothetical downstream event," Mot. at 13, but the Complaint alleges that the same practice had already left consumers' account records wrong,

Compl. ¶¶ 68-74. Defendant contends that Plaintiff's legal theories were "developed and pleaded later," Mot. at 14, but the Complaint alleges that Plaintiff held the belief when objecting and reported the practice to the Bureau while still employed, Compl. ¶¶ 105, 108. Taken as true, those allegations, together with the allegation that the Director of Engineering asked Plaintiff whether the policy was illegal, id. ¶ 106, make Plaintiff's belief plausibly reasonable. The employee need not be correct, Van Asdale, 577 F.3d at 1000-02, and whether the belief was objectively reasonable is better resolved on a developed record. See McGary v. City of Portland, 386 F.3d 1259, 1270 (9th Cir. 2004).

Fifth, the Complaint independently alleges protected activity under § 5567(a)(1), which protects providing information to the employer or the Bureau about a reasonably believed violation. It alleges that Plaintiff provided such information to Defendant throughout Plaintiff's employment and to the Bureau in October 2024, in a report identifying the policy, the Rewards defect, and two consumers who reported it, and urging an investigation into possible violations of rules governing payment processing and financial record-keeping.
Compl. ¶¶ 97-99, 106, 108-118, 168, 190. No completed or certain violation is required; an employee who reasonably believes there might have been a violation is protected for suggesting further inquiry. Van Asdale, 577 F.3d at 1001-02.

Finally, the Complaint adequately alleges that Defendant knew of the protected activity. Defendant does not dispute that its personnel knew of Plaintiff's objections. See Mot. at 6, 15. The Complaint also ties that knowledge to the decision. The Chief Technology Officer, who authorized the termination, was among the recipients of Plaintiff's objections. Compl. ¶¶ 97, 128. The Director of Engineering heard Plaintiff object more than once, asked Plaintiff whether the policy was illegal, conducted the termination call, and, on information and belief, provided input on the selection. Id. ¶¶ 99, 106, 109, 129, 135; see Staub v. Proctor Hosp., 562 U.S. 411, 419-22 (2011) (employer liable where a supervisor, acting

with the prohibited motive and intending to cause an adverse action, proximately caused the decision of an unbiased decisionmaker).

Defendant's own statements, as alleged, confirm that knowledge. Plaintiff's supervisor singled Plaintiff out in writing when deferring automation, "[e]specially with Jon." Compl. ¶¶ 86, 122. Defendant later described Plaintiff as "flouting several company policies . . . , including those related to automated testing," id. ¶ 166, and as "openly ignoring his supervisor's repeated directives to manually test things," id. ¶ 126. It also attributed Plaintiff's selection to Plaintiff's "habit of logjamming" its testing process. Id. ¶ 127. If Plaintiff's conduct was what Defendant describes, it was a refusal that § 5567(a)(4) protects. See id. ¶ 189. Plaintiff also objected to the policy throughout Plaintiff's employment, including in 2022 to Defendant's Chief Executive Officer. Id. ¶ 168.

Because the objections plausibly constitute protected activity, the Complaint adequately alleges that Defendant knew of protected activity. The Court therefore need not decide whether Defendant also knew or suspected that Plaintiff had reported to the Bureau, although the Complaint supports an inference that it did: the Director of Engineering asked Plaintiff whether the policy was illegal on a call earlier the same day Plaintiff filed the report, and Plaintiff's treatment changed afterward. Compl. ¶¶ 106, 109, 136, 145, 150.

IT IS THEREFORE ORDERED that Defendant's Motion for Judgment on the Pleadings (Dkt. 21) is DENIED.

IT IS SO ORDERED.

Dated: ___________________________

___________________________________

HON. ANNE HWANG

UNITED STATES DISTRICT JUDGE